# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHOM THONGVANH, NHONG THONGVANH, and SAAM AI NONG BAR & RESTAURANT, LLC, d/b/a La Paris Cafe, <br><br> Defendants. | No: 4:14-cv-00471-SMR-CFB <br><br> **REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment (ECF No. 7), filed March 25, 2015. The Court has referred the Motion to the undersigned for submission of a Report and Recommendation under 28 U.S.C. § 636(b) (*see* Text Order, ECF No. 8). Defendants Chom Thongvanh, Nhong Thongvanh, and Saam Ai Nong Bar & Restaurant, LLC, doing business as La Paris Café, were each served with process on December 17, 2014. No Defendant has appeared to defend this action. Defendants have been in default since February 6, 2015, for failure to appear or otherwise defend (*see* Clerk's Entry of Default, ECF. No. 6). *See generally* Fed. R. Civ. P. 55(a).

On August 12, 2015, the undersigned held a hearing on Plaintiff's Motion for Default Judgment. The Order setting the hearing was mailed to addresses shown for Defendants in the returns of service of the summonses, and in the certificate of service of the Motion for Default Judgment. No Defendant appeared at the hearing. Katherine Joy Hartung appeared for Plaintiff.

# I. DEFAULT JUDGMENT AND DAMAGES

A defendant in default "is deemed to have admitted all well pleaded allegations in the complaint." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (quotation omitted). Plaintiff's Complaint (ECF No. 1) alleges that Defendants intercepted and exhibited without permission and for their own commercial advantage or private financial gain, the satellite transmission of a mixed martial arts event, for which Plaintiff owned contractual distribution rights. The Complaint asserts claims under 47 U.S.C. §§ 553 and 605. This Court's jurisdiction is alleged under 28 U.S.C. § 1331. The undersigned finds that the Complaint's allegations demonstrate that each Defendant violated 47 U.S.C. §§ 553 and 605, and respectfully recommends that the Court enter default judgment against all Defendants. *See* Fed. R. Civ. P. 55(b).

Plaintiff does not seek damages under 47 U.S.C. § 553, electing to try to prove recovery only under 47 U.S.C. § 605 (*see* Pl. Br. at 5, ECF No. 7-1). An aggrieved party prevailing under 47 U.S.C. § 605 may elect to pursue actual or statutory damages. *See* 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff seeks statutory damages (*see* Pl. Br. at 6, ECF No. 7-1).

The Court may award a sum of damages from $1,000 to $10,000 for each violation of section 605, subsection (a), at issue here. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II).

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each [violation of section 605(a)].

§ 605(e)(3)(C)(ii). "In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250." § 605(e)(3)(C)(iii).

Plaintiff moves for an award of $10,000 for the violation, plus $50,000 under section 605(e)(3)(C)(ii). Plaintiff contends that such an award is necessary to protect its interests (including recovering some of the substantial expense to investigate and prosecute violations), and to deny competitive advantages to establishments that unlawfully intercept its transmissions. Plaintiff asserts that it is impossible to unintentionally obtain its signal without authorization, and argues that damages need to be sufficient to effectively deter signal piracy. Plaintiff contends, based on the affidavit of its private investigator regarding the occupancy of Defendants' establishment, that it would have charged Defendants a sublicense fee of $1,100 or $1,200 to exhibit the intercepted broadcast.

The undersigned respectfully recommends that the Court award $10,000.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). The Court finds that an award of more than eight times the sublicense fee, plus costs and attorney's fees as set forth below, is sufficient to deter an establishment such as Defendants' from committing similar violations. The undersigned accordingly recommends that the Court decline to increase the damage award under 47 U.S.C. § 605(e)(3)(C)(ii).

The undersigned finds the attorney's fees itemized in Plaintiff's Counsel's Affidavit (ECF No. 7-4) to be reasonable. *See* 47 U.S.C. § 605(e)(3)(B)(iii). The undersigned respectfully recommends that the Court award $1,500.00 in attorney's fees to Plaintiff. Plaintiff may submit a Bill of Costs after the entry of Judgment to recover its full costs, according to 47 U.S.C. § 605(e)(3)(B)(iii).

## II. RECOMMENDATION AND ORDER

IT IS RESPECTFULLY RECOMMENDED that the Court order the entry of default judgment against Defendants Chom Thongvanh, Nhong Thongvanh, and Saam Ai Nong Bar &

Restaurant, LLC, doing business as La Paris Café and that the Court award Plaintiff Joe Hand Promotions, Inc., statutory damages of $10,000.00, under 47 U.S.C. § 605(e)(3)(C)(i)(II), and attorney's fees of $1,500.00, under 47 U.S.C. § 605(e)(3)(B)(iii). Within 14 days after the entry of judgment, Plaintiff may submit a Bill of Costs to recover its full costs under 47 U.S.C. § 605(e)(3)(B)(iii). *See* L.R. 54(a)(1).

IT IS ORDERED that the parties have until **August 31, 2015**, to file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.1994); *Halpin v. Shalala*, 999 F.2d 342, 345–46 & n.1 (8th Cir.1993).

IT IS SO ORDERED.

Dated this 13th day of August, 2015.

**CELESTE F. BREMER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**